UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
M.L. KING, JR. FEDERAL BUILDING
50 WALNUT ST., 3RD FLOOR
NEWARK, NEW JERSEY 07102

DONALD H. STECKROTH  (973) 645-4693
BANKRUPTCY JUDGE  Fax: (973) 645-2606

**NOT FOR PUBLICATION**

**FILED**
JAMES J. WALDRON, CLERK

**OCT. 2, 2007**

U.S. BANKRUPTCY COURT
NEWARK, N.J.
BY:  s/ Ronnie Plasner, DEPUTY

October 2, 2007

**LETTER OPINION**
**ORIGINAL FILED WITH THE CLERK OF THE COURT**

Re:   **The Bay Ridge Companies, Inc.**
      **Case No.: 06-17629 (DHS)**

Lowenstein Sandler PC
Kenneth A. Rosen, Esq.
Mary E. Seymour, Esq.
65 Livingston Avenue
Roseland, NJ 07068
*Counsel for Debtor, The Bay Ridge Companies, Inc.*

Riker, Danzig, Scherer, Hyland & Perretti LLP
J. Alex Kress, Esq.
Jeffrey M. Sponder, Esq.
Headquarters Plaza
One Speedwell Avenue
Morristown, NJ 07962
*Special Litigation Counsel for David Wolff, Chapter 7 Trustee*

Page 2
October 2, 2007

Dear Counsel:

Before the Court is a motion filed by The Bay Ridge Companies, Inc. (hereinafter "Debtor" or "Bay Ridge"), seeking to quash six Rule 2004 subpoenas issued by the Chapter 7 Trustee to two of the Debtor's former officers and employees, Larry Albert and Gary Kaplan, and to four affiliated real estate entities, Natalie Realty Associates, L.P., BRL Partners, LLC, Dabon Realty Co., and Bayhattan Realty LLC ("Real Estate Entities") (collectively hereinafter "Subpoenaed Parties"). The Debtor argues: (i) the subpoenas are duplicative to the subpoena issued to the Debtor by the Chapter 7 Trustee and (ii) the subpoenas are vague, overbroad in scope, subject to privilege, and beyond the scope of Rule 2004. On September 18, 2007, the Chapter 7 Trustee, David Wolff, filed opposition in which he contends: (i) Rule 2004 permits broad investigation into the Debtor's financial affairs to determine estate assets; (ii) the Trustee has good cause for issuing the Rule 2004 subpoenas; and (iii) the Rule 2004 subpoenas' scope is proper.

For the reasons stated hereafter, the Debtor's motion to quash the Chapter 7 Trustee's Rule 2004 subpoenas is denied. The Court has jurisdiction over the matter pursuant to 28 U.S.C. § 1334 and the Standing Order of Reference from the United States District Court for the District of New Jersey dated July 23, 1984. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B). Venue is proper under 28 U.S.C. §§ 1408 and 1409.

## Statement of Facts and Procedural History

On August 16, 2006, SpecTrim Building Products, LLC, Great Lakes MDF, LLC and ATC Panels, Inc. filed an involuntary Chapter 11 petition to which Debtor responded on September 26, 2006 and also filed a motion to dismiss the petition. Four other creditors, Darlington Veneer Company, Inc.,

Page 3
October 2, 2007

Rex Lumber Company, Herzog Veneers, and Veneer Technologies, Inc. supported the involuntary petition and suggested conversion to Chapter 7.

Pursuant to this Court's directive, the creditors' initial discovery established a transaction between the Debtor and a secured creditor, Wells Fargo Business Credit, Inc. ("Wells Fargo"), who received Debtor's assets and sold them to Marjam Supply Company ("Marjam"). This discovery also unearthed questions about the Debtor's dealings with its officers and employees who are family members and Real Estate Entities owned by these same family members. Subsequently, this Court entered an Order for Relief commencing this Chapter 7 proceeding on February 16, 2007.

David Wolff was appointed as the Chapter 7 Trustee and obtained Court approval to retain Riker, Danzig, Scherer, Hyland & Perretti LLP ("Riker, Danzig") and Hellring Lindeman Goldstein & Siegel LLP ("Hellring Lindeman" or, collectively, "Special Counsel") as special counsel. The Trustee, through Special Counsel, is investigating, among other matters, the transaction with Marjam and potential claims against Wells Fargo, the Debtor's officers, and the related Real Estate Entities, namely, the Subpoenaed Parties, listed above.

The Debtor operated its lumber and woodworking business principally in Bay Ridge, New York and Bayonne, New Jersey. The properties upon which the business was operated were owned by partnerships and limited liability companies owned and operated by family members related to the founders of the Debtor, Larry Albert, Gary Kaplan, and Martin Newman. These partnerships and limited liability companies are among the Subpoenaed Parties, namely: (i) Natalie Realty Associates, L.P.; (ii) Dabon Realty Co.; (iii) Bayhattan Realty LLC; and (iv) BRL Partners, LLC.

Page 4
October 2, 2007

Due to the Debtor's continuing losses during 2004-2005, at Wells Fargo's request, the Debtor retained Nachman Hays Brownstein ("Nachman Hays") to investigate and evaluate the Debtor's operations. Nachman Hays' investigation pointed out concerns over payments to the Real Estate Entities and substantial salaries, benefits, and advances to family members.

On or about June 22, 2007, the Chapter 7 Trustee issued a Rule 2004 subpoena to the Debtor. On or about July 9, 2007, Special Counsel issued and served six separate subpoenas to the family members and the Real Estate Entities referred to as the Subpoenaed Parties. On July 30, 2007, the Debtor filed the instant motion without attempting to comply or resolve the discovery issues without court intervention. The Debtor still had not yet responded to its subpoena.

## Discussion

Federal Rule of Bankruptcy Procedure 2004 provides "[o]n motion of any party in interest, the court may order the examination of any entity." FED. R. BANKR. P. 2004(a). Rule 2004 further provides the examination "may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any other matter which may affect the administration of the debtor's estate, or the debtor's right to discharge." *Id*. Rule 2004's scope "has been explained as a broad investigation into the financial affairs of the debtor for the purpose of the discovery of assets of the estate and the discovery of fraudulent conduct." *2435 Plainfield Ave., Inc. v. Twp. of Scotch Plains*, *(In re 2435 Plainfield Ave., Inc.)*, 223 B.R. 440, 456 (Bankr. D.N.J. 1998) (citations omitted). Courts, in fact, recognize that Rule 2004 examinations are broad, unfettered and in the nature of fishing expeditions. *See In re Valley Forge Plaza Assoc.,* 109 B.R. 669, 674 (Bankr. E.D. Pa. 1990). To further

Page 5
October 2, 2007

the investigation regarding fraudulent conduct, "[t]hird parties having knowledge of the debtor's affairs, as well as the debtor itself, are subject to examination." *Id.* at 674.

Federal Rule of Civil Procedure 45, made applicable in bankruptcy by Federal Rule of Bankruptcy Procedure 9016, provides, in relevant part:

> On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it:
> (i) fails to allow reasonable time for compliance;
> (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from where the person resides, is employed or regularly transacts business in person. . .
> (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
> (iv) subjects a person to undue burden.

FED. R. CIV. P. 45(c)(3)(A). The burden of proof to demonstrate a subpoena's undue burden lies with the objector to the subpoena. *See Official Committee of Unsecured Creditors v. Ashdale (In re LaBrum & Doak)*, 1998 Bankr. LEXIS 925, at *6-7 (Bankr. E.D. Pa. July 27, 1998) (citing *Concord Boat Corp. v. Brunswick Corp.,* 169 F.R.D. 44, 49 (S.D.N.Y. 1996)). Courts take into account "relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed." *Concord Boat Corp.,* 169 F.R.D. at 49 (citations omitted). Another consideration is the value of the information to the issuing party in comparison to the burden imposed on the subpoenaed party. *See Travelers Indem. Co. v. Metro. Life Ins. Co.,* 228 F.R.D. 111, 113 (D. Conn. 2005). Once a motion to quash a subpoena is filed, the subpoena's issuer must show good cause for the Rule 2004 examination. *See In re Eagle-Picher Indus., Inc.*, 169 B.R. 130, 134 (Bankr. S.D. Ohio 1994). Once

Page 6
October 2, 2007

good cause is established, the burden shifts back to the objecting party to convince the court of the impropriety of the Rule 2004 examination. *See In re Buick*, 174 B.R. 299, 304 (Bankr. D. Colo. 1994).

In the instant matter, the Debtor fails to demonstrate an undue burden on the Subpoenaed Parties. First, the subpoenas at issue are not duplicative of the subpoena directed towards the Debtor as they are issued to the other real estate entities affiliated with the Debtor. Second, Larry Albert and Gary Kaplan are family members and officers of the Debtor who likely have knowledge or information relevant to the Chapter 7 Trustee's Special Counsel's investigation into the affairs of the Debtor, specifically the transaction with Marjam. Third, exploration of the relationship of the Debtor and the Real Estate Entities is relevant to determining the Debtor's financial affairs and potential transfers.

Additionally, in response to the Debtor's Motion to Quash the Rule 2004 Subpoenas, the Chapter 7 Trustee has borne his burden of showing good cause. The Trustee may investigate the transfers made between the Debtor and the Subpoenaed Parties to determine if avoidance causes of action exist pursuant to 11 U.S.C. §§ 544, 547 and 548.

The Trustee's subpoenas are proper for several reasons. First, the Trustee rightfully must establish the historical context, relationships and transfers between the Debtor and the Subpoenaed Parties. Second, the Trustee contends that it is likely that the documents in the Subpoenaed Parties' possession are different than those of the Debtor in that various drafts or versions could exist. Third, in seeking documents from the four-year period prior to the filing of the bankruptcy petition, the Trustee would be able to properly investigate potential fraudulent transfer claims under the Bankruptcy Code, New York law and New Jersey law.  In this regard, Debtor objects to producing documents

Page 7
October 2, 2007

generated prior to this four-year period as being irrelevant, over broad, and burdensome. The Court agrees and will limit the duration to the four-year period.

### **Conclusion**

For the reasons stated above, this Court denies the Debtor's Motion to Quash the Chapter 7 Trustee's Rule 2004 Subpoenas. However, the Court will limit the scope of the Rule 2004 subpoenas to documents generated during the four-year period dating back from the date of the bankruptcy petition. An Order in conformance with this Opinion has been entered by the Court and a copy is attached.

Very truly yours,

/s/ *Donald H. Steckroth*

DONALD H. STECKROTH
UNITED STATES BANKRUPTCY JUDGE

Enclosure